**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

MAHMOUD AL MOHAMMAD #A221-348-374   CASE NO.  1:26-CV-00223 SEC P

VERSUS                                                    JUDGE EDWARDS

ANGEL WOLF                                              MAGISTRATE JUDGE DAVID J. AYO

<u>**MEMORANDUM ORDER**</u>

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] and AMENDED PETITION [Doc. 3] filed by Petitioner Mahmoud Al Mohammad ("Mohammad"), an immigration detainee at the River Correctional Center in Ferriday, Louisiana.  Mohammad challenges his continued detention.

A court may order a respondent to file an answer, motion, or other response, in its discretion.  *See generally* 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008); *Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.)[1].  And this Court has determined that a 21 day briefing schedule with seven days to reply is reasonable and appropriate in similar cases.

To determine whether Mohammad is entitled to relief, THE CLERK IS DIRECTED to serve a summons, a copy of the PETITION [Doc. 1], AMENDED PETITION [Doc. 3], and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; (3)

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases.  *See Hickey v. Adler*, 2008 WL  835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D. W.Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241.").

1

DHS/ICE through its Office of General Counsel; and by regular mail on (4) the Warden where Mohammad is detained.

IT IS ORDERED that a response be filed within 21 days after service on the United States Attorney for the Western District of Louisiana, with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful.  This evidence shall include information regarding efforts made to obtain travel documents from any country.

IT IS FURTHER ORDERED that Petitioner shall then have seven days to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

THUS DONE in Chambers on this 1st day of May, 2026.

David J. Ayo
United States Magistrate Judge